**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Woodrow Willard WALKER, Defendant-
Appellant.**

**No. 15915.**

United States Court of Appeals
Sixth Circuit.

Feb. 9, 1968.

Frank B. Hester, Atlanta, Ga., for appellant, Hester & Hester, Atlanta, Ga., Dexter Christenberry, Knoxville, Tenn., on the brief.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant Walker appeals from a conviction after jury trial in the United

States District Court for the Northern Division of the Eastern District of Tennessee on a bank robbery charge. On the first count of a two-count indictment (conspiracy to rob a federally insured bank, in violation of 18 U.S.C. § 371 (1964)) appellant Walker was sentenced to five years. No appeal was taken from this conviction. On the second count (armed robbery of a federally insured bank, in violation of 18 U.S.C. § 2113 (1964)), he received a concurrent 25-year sentence.

Appellant filed a timely claim of appeal from this latter sentence, but failed to perfect same and said appeal was dismissed under date of May 8, 1964. Subsequently, after hearing before the United States District Court of a petition under 28 U.S.C. § 2255 (1964), appellant was granted the right to perfect such appeal and an order reinstating said appeal was entered by this court under date of July 20, 1967.

The indictment in this case charged that on March 28, 1963, appellant Walker, and one Chester Lee Helton robbed the Merchants and Farmers Bank of Greenback, Tennessee, by use of a dangerous weapon, taking approximately $44,470. The indictment also charged that in the weeks immediately preceding March 28, 1963, the two men referred to above, plus one Carles Albert Kennedy conspired to rob this bank and committed a variety of overt acts in preparation therefor. Walker, Helton, and Kennedy were charged with conspiracy to rob. All three were convicted on this count— Kennedy being sentenced to three years and Helton to five years. Helton also received a 25-year concurrent sentence on a bank robbery count.

As to the bank robbery conviction, counsel for appellant presents eight separate appellate issues. Only two of these were the subject of objections during the trial. As a consequence, the rest must be reviewed against the plain error rule. Fed.R.Crim.P. 52(b).

■ The major questions presented concern whether or not Judge Taylor properly handled the testimony of accomplice Kennedy, who had backed out of the bank robbery and who testified at trial against both appellants. His testimony was plainly admissible against the codefendant Helton and was also admissible against appellant Walker on the conspiracy count. But some of Kennedy's testimony was not admissible against Walker on the substantive count. Judge Taylor's instruction both before this testimony was given and after was amply protective on this score. United States v. Hensley, 374 F.2d 341, 351 (6th Cir.), cert. denied, 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373 (1967); United States v. McMaster, 343 F.2d 176, 182–183 (6th Cir.), cert. denied, 382 U.S. 818, 86 S.Ct. 42, 15 L.Ed.2d 65 (1965). We find no error in his failing to reiterate the caution at the time of the jury charge— there being no request for him to do so, or any objection to his charge on this point. Fed.R.Crim.P. 30.

■ Allied to this problem is appellant's objection to the testimony of an FBI Agent, Roberts, about what Kennedy told him when he pointed out to Roberts where "Woodrow Walker threw the part of the shotgun that was sawed off." This testimony was received and then the court instructed the jury that it should not be considered for any purpose because it was hearsay. We see no reason to assume that the jury failed to follow this instruction. Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 366–367, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963). And in any event, under the factual situation herein, no prejudice to appellant resulted.

■ Still another objection to the Judge's charge appears to us to be without merit. Under the heading of statement of the government's case, the District Judge recited a great number of facts which were relied upon by the government as evidence. But then under statement of defendant's case he proceeded to recite a great number of facts which were relied upon by the defendants in pursuance of their evidence. We do not think that the jury was misled in-

to thinking that the District Judge was endorsing the government's evidence.

Other questions pertain to whether or not evidence not objected to or sought to be suppressed at trial may now be claimed to represent plain error due to the asserted unconstitutionality of asserted searches. We find no facts presented on either issue which represent "plain error." Fed.R.Crim.P. 52(b).

The proof of guilt in this case was more than substantial. In the issues discussed above and the others presented, which we have reviewed carefully against the record, we find no error which prejudiced substantial rights of appellant. Fed.R.Crim.P. 52(b).

The judgment is affirmed.