Richard Lowell **FRENCH**, Petitioner,

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

Civ. A. No. 17462–3.

United States District Court
W. D. Missouri, W. D.

June 13, 1969.

Richard Lowell French, pro se.

Calvin K. Hamilton, U. S. Atty., by Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

**ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS**

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, requests leave to proceed in forma pauperis to file a petition for habeas corpus to correct certain conditions of his confinement whereby he has not been granted a hearing on parole consideration by a "voting member" of the United States Board of Probation and Parole.

Petitioner states that, on his plea of guilty, he was convicted of an offense which he does not specify by the United States District Court for the District of Kansas; that he was sentenced on September 2, 1969 (sic), to a term of imprisonment which he does not specify; that he did not appeal from the judgment of conviction nor the imposition of sentence; that he has previously filed a petition for habeas corpus in this Court, challenging respondent's construction of his original sentence, which petition is still pending (French v. Ciccone, Civil Action No. 17269–3); and that he was represented by counsel at his arraignment and plea and at his sentencing, although not upon any of his postconviction petitions.

Petitioner states the following as grounds for his contention that his present conditions of confinement are in violation of his federally protected rights:

"(a) I was sentenced under Title 18, Section 4208(a) to a term of 5 years. In January of 1968, I appeared before an examiner of the U. S. Board of Parole (not a member) and was to receive an institutional hearing in May of 1969.

"(b) The hearing was held, again before an examiner and *not* a member of the U. S. Board of Parole." (emphasis petitioner's.)

It is petitioner's contention that he has a right to a hearing "before a voting

*member* of the U. S. Board of Parole" (emphasis petitioner's); that a parole examiner has no vote and therefore is not a bona fide member of the Board; and that while parole "in and of itself is a privilege," the right to a hearing before a voting member of the Board is a "right granted by law."

 Such a contention does not state a claim cognizable in federal habeas corpus proceedings. No facts showing violation of a constitutional or federal statutory right are stated by petitioner. The applicable statute, Section 4203, Title 18, reads, in part, as follows:

"(a) If it appears to the Board of Parole from a report by the proper institutional officers or upon application by a prisoner eligible for release on parole, that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole.

Such parolee shall be allowed in the discretion of the Board, to return to his home, or to go elsewhere, upon such terms and conditions, including personal reports from such paroled person, as the Board shall prescribe, and to remain, while on parole, in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced.

Each order of parole shall fix the limits of the parolee's residence which may be changed in the discretion of the Board.

"(b) The parole of any prisoner sentenced before June 29, 1932, shall be for the remainder of the term or terms specified in his sentence, less good time allowances provided by law."

The whole matter of the privilege of parole is thus exclusively committed to the discretion of the Board of Parole and habeas corpus is not available to challenge such a decision, in the absence of exceptional circumstances. Shelton v. United States Board of Parole, 128 U.S. App.D.C. 311, 388 F.2d 567; Hiatt v. Compagna (C.A.5) 178 F.2d 42; Berry v. United States Parole Bd. (C.A.3) 266 F.Supp. 667; Hauck v. Hiatt (C.A.3) 141 F.2d 812; Brest v. Ciccone (C.A.8) 371 F.2d 981. Petitioner, in substance, attempts to except his case from that general rule by stating that, while probation itself is a privilege commended exclusively to the discretion of the Parole Board, the "right" to a hearing is one exacted by federal law. There is, however, no such federal right and, in fact, the hearing by an examiner designated by the Board is in accordance with a valid and lawful regulation promulgated by the Board consistent with the governing statute. That regulation, 28 C.F.R. § 2.15, reads as follows:

"*Hearings at institution.*

Regular hearings by a Member of the Board or an examiner designated by the Board shall be scheduled for each Federal institution. Prisoners serving sentences in excess of one year shall appear for such hearing in person. At the time of the hearing, or as soon after as is feasible, the Member or examiner shall prepare a report concerning the case which shall include a summary statement of relevant and pertinent facts involved and, if possible, shall include a recommendation, in keeping with the established policies of the Board, concerning the disposition of the case. Such report, together with the complete file of the prisoner, shall be submitted promptly to the Board for final action, which action shall ordinarily be taken in Washington, D. C."

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus be, and it is hereby, denied.