**Richard L. DYE, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, United States of America, and United States Attorney General, Respondents-Appellees.**

No. 76–2116.

United States Court of Appeals, Tenth Circuit.

Submitted June 23, 1977.

Decided Aug. 2, 1977.

Richard L. Dye, pro se.

E. Edward Johnson, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondents-appellees.

Before SETH, Circuit Judge, PICKETT, Senior Circuit Judge and BARRETT, Circuit Judge.

PER CURIAM.

Richard Lee Dye seeks review of the Memorandum and Order issued by the United States District Court for the District of Kansas denying his petition for a writ of habeas corpus. The district court declined to grant relief from the Parole Board's denial of Dye's application for parole.

Appellant appeared before the United States Parole Board (now Parole Commission) in February of 1976. He was denied parole based on the following reasons:

"Your offense behavior has been rated as moderate severity. You have a salient factor score of 4. You have been in cus-

tody a total of 18 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 20–24 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information present, it is found that a decision at this consideration above the guidelines appears warranted because your extensive prior record would indicate that there is not a reasonable probability you would live at liberty without violating the law.

"You have serious disciplinary infractions."

Appellant alleges that the following errors in the Parole Board's decision-making, taken cumulatively, constitute arbitrary and capricious action:

1. The Board's consideration of the good time he has forfeited was improper;

2. The Board erred in computing the salient factor score because he has not, he claims, validly been convicted of more than one prior felony; and

3. The presentence report relied on by the Board contained inaccurate, untrue, and prejudicial information.

At the outset we note that while technically appellant's case was processed by the Board prior to the passage of the new Parole Commission and Reorganization Act, it is clear that the matter was handled in compliance with both the former law and regulations and the newer, more strict provisions of 18 U.S.C. § 4201 et seq. and 28 C.F.R. § 2.1 et seq. Since the emphasis in the new Act is on increasing procedural safeguards in reducing arbitrary decision-making, the case is reviewed with reference to both versions. *See* 2 U.S.Code.Cong & Admin.News (94th Cong., 2d Sess. pp. 335–370); *Geraghty v. United States Parole Commission,* 429 F.Supp. 737 (M.D.Pa., filed Feb. 24, 1977).

■ Judicial review of Parole Board decisions is narrow. The standard of re-view of action by the Parole Commission is whether the decision is arbitrary and capricious or is an abuse of discretion. *Billiteri v. United States Board of Parole,* 541 F.2d 938 (2nd Cir. 1976); *Scarpa v. United States Board of Parole,* 477 F.2d 278 (5th Cir. 1973), vacated at 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44 (1973); *Snyder v. United States Board of Parole,* 383 F.Supp. 1153 (D.Colo.1974). The Commission has broad discretion but its actions are subject to established standards of review. However, it is not the function of courts to review the Board's discretion in denying parole or to repass on the credibility of reports received by the Board in making its determination. *Brest v. Ciccone,* 371 F.2d 981, 982–983 (8th Cir. 1967). *See also Billiteri, supra; United States Board of Parole v. Merhige,* 487 F.2d 25 (4th Cir. 1973); *Juelich v. United States Board of Parole,* 437 F.2d 1147 (7th Cir. 1971); *Barnes v. United States,* 445 F.2d 260 (8th Cir. 1971); *Tarlton v. Clark,* 441 F.2d 384 (5th Cir. 1971). The Commission does not function as an adversary to the prisoner. It is not opposed to release as a matter of principle. *See, Menechino v. Oswald,* 430 F.2d 403 (2nd Cir. 1970).

■ The Board's consideration of the forfeiture of good time was not arbitrary and capricious. Dye was afforded adequate opportunity to contest the underlying charges. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935; *Rusher v. Arnold,* 550 F.2d 896 (3rd Cir. 1977). Forfeited good time is especially relevant in considering a prisoner's institutional adjustment. Former 28 C.F.R. § 2.29 (40 Fed. Reg. 41338), September 5, 1975, and the current 28 C.F.R. § 2.6 provide that while a prisoner is not precluded from applying for parole because he has forfeited good time, such forfeiture is an indication that a prisoner has violated the rules of the institution to a serious degree. The record indicates that much of the almost six months' good time forfeited by appellant was for substan-

tial infractions, perhaps the most serious of which was appellant's attempt to direct his release through use of fraudulent documents purporting to have been issued by the sentencing court. Most of the institutional violations were admitted. Such behavior is hardly indicative of good institutional adjustment. For Commission evaluation of institutional adjustment, *see,* 28 C.F.R. § 2.20(b), 18 U.S.C. § 4206(a). The matter of behavior in prison was sufficient in itself to support the conclusion of the Board.

■ Next, appellant claims that the Board erred in computing his salient factor score because the prior felony convictions used to enhance his score are constitutionally invalid. Under the Commission's Salient Factor Scoring Manual (revised March 1977) it is clear that prior convictions, even if subsequently overturned, are to be considered in assessing parole risk unless the reversal was based on a finding of innocence. Appellant makes no claim of innocence. Appellant had ample opportunity to challenge the alleged error in the salient factor score by way of administrative appeal. *See,* e. g., *Grattan v. Sigler,* 525 F.2d 329 (9th Cir. 1975); *Foddrell v. Sigler,* 418 F.Supp. 324 (M.D.Pa.1976). There was certainly substantial compliance with the Manual, and this is sufficient.

■ Finally appellant contends that incorrect and inaccurate material in his presentence report caused the denial of his parole. This is at best a bald, conclusory allegation. *Martinez v. United States,* 344 F.2d 325 (10th Cir. 1965). In addition, appellant is in error in thinking that the Supreme Court's decision in *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is applicable to his situation. First, the Commission is entitled to take into account factors which could not, for constitutional reasons, be considered by a court of law. *Mack v. McCune,* 551 F.2d 251 (10th Cir. 1977). Nowhere does Dye specify what information is incorrect, untrue, or prejudicial. Secondly, the Board

possesses the expertise and experience for ascertaining which factors are determinative from the unique situation presented by each prisoner. The prisoner has no constitutional right to the material in the Commission files. *Billiteri v. United States Board of Parole, supra.*

The record indicates a careful consideration by the Parole Commission and there is no indication of arbitrary and capricious action.

When this case was docketed in this court, the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Neither party has done so. We have thoroughly reviewed the files and records in this case and are convinced that the opinion of the district court should be affirmed, and that the mandate shall issue forthwith.

IT IS SO ORDERED.