Robert Richard **BUTSON**, Petitioner,

v.

**CHAIRMAN, UNITED STATES PAROLE COMMISSION**, Respondent.

Civ. A. No. 78–C–282.

United States District Court,
D. Colorado.

Sept. 21, 1978.

842

Robert Richard Butson, pro se.

Joseph F. Dolan, U. S. Atty., and Asst. U. S. Atty. Jerre W. Dixon, Denver, Colo., for United States Parole Commission.

## OPINION AND ORDER

CHILSON, District Judge.

### FACTS

On June 6, 1977, petitioner was sentenced to a two year term for making false statements to influence a federal savings and loan association. His initial parole hearing was held on December 7, 1977, before a panel of parole commission examiners. The commission denied parole and a "Notice of Action" dated December 29, 1977, was sent. The decision of the commission was that the petitioner was to "continue to expiration" without further parole hearings. On January 20, 1978, petitioner appealed this decision to the Regional Commissioner. The action of the commission was affirmed. A

"Notice of Action on Appeal" dated February 28, 1978, was allegedly not received by petitioner until March 10, 1978. On March 13, petitioner filed a national appeal. On March 17, he filed a Petition for Writ of Mandamus with this court, requesting the court to direct that a new parole hearing be provided to the petitioner. During the pendency of this case the national appeal was decided adversely to petitioner. Notice of the action of the National Appeals Board was allegedly sent on June 9, but petitioner denied having received the notice as of June 29. Subsequent to filing his petition for a writ of mandamus, petitioner has filed a "Motion for Summary Judgment" and a "Motion for Declaratory Judgment" requesting summary relief of an unspecified nature.

## CONTENTIONS

Petitioner makes five claims:

1. That he was not given access to certain information used by the parole commission in making its determination. At issue are a "Post Sentence Report" dated May 31, 1977 (actually a presentence report) and an "Institutional Progress Report" dated October 19, 1977. Respondent claims that the petitioner reviewed the former on November 3, 1977, and the latter on November 23. Petitioner denies having seen the post sentence report until it was attached as an exhibit to the respondent's reply in the instant mandamus action. He admits having seen the progress report on November 23, but points out that this was not at least 30 days prior to the parole hearing as required by 18 U.S.C. § 4208(b)(2). The delay in making the report available has not been explained by respondent.

Petitioner also complains that the "Guidelines and Salient Factors" used by the parole board were not made available to him. Respondent admits that no personal copy was given to petitioner but points out that copies of the guidelines are available to inmates in all federal corrections institutions.

2. That the board's decision to deny parole was based on inaccurate information.

Specifically, petitioner alleges that the post sentence report is incorrect when it estimates that the monetary losses resulting from petitioner's crime totalled over $100,000. Petitioner points to the indictment, which allegedly makes mention only of the sum of $16,000 as the amount fraudulently procured by petitioner.

3. That the reasons for the parole board's action were inadequately explained in the notice sent, and that the two appeals boards did not act upon his appeals in a timely fashion. Respondent claims that no prejudice to petitioner resulted from this.

4. That the guidelines established by the parole commission are arbitrary and capricious because when applied to the petitioner, they indicate that 26–36 months of incarceration would be appropriate. The maximum sentence for the petitioner's offense is only 24 months.

5. That he was denied his statutory right to appear in person at the "parole determination proceeding" as required by 18 U.S.C. § 4208(e). The hearing examiners before whom he appeared, petitioner asserts, are merely advisory personnel and have no authority to grant or deny parole.

## DISCUSSION

■ The only relief which could be afforded the petitioner would be by writ of mandamus directing the parole board to correct its wrongful conduct within a fixed time, after which the court could grant a writ of habeas corpus if the board fails to comply. Relief in the nature of an independent parole hearing is unavailable. *Billiteri v. Parole Bd.*, 541 F.2d 938, 943–44 (2d Cir. 1976).

■ 1. 18 U.S.C. § 4208(b)(2) requires that

"At least thirty days prior to any parole determination proceeding, the prisoner shall be provided with . . . reasonable access to a report or other document to be used by the Commission in making its determination."

By the time of his first appeal, the petitioner had read and studied both of the reports in question. (The petitioner, in spite of his subsequent statements to the contrary, reviewed the presentence investigation report prior to his regional appeal. Express reference is made to the report in the "Inmate's Explanation of Appeal" completed by petitioner on the appeal form.) Petitioner, therefore, has had ample time to demonstrate that the alleged delay prejudiced his case. Aside from the single issue discussed in point 2, below, petitioner claims—and at no time did he claim—any prejudice resulting from the delay in the disclosure of the documents (if any delay in fact occurred). Nor has the petitioner made an allegation that the delay was a result of bad faith.

■ 2. It is not improper for the parole commission to consider material, such as the presentence report, which would not be admissible in a court of law. *Dye v. Parole Comm'n,* 558 F.2d 1376 (10th Cir. 1977); *Billiteri v. Parole Bd.,* 541 F.2d 938, 944–45 (2d Cir. 1976). 18 U.S.C. § 4207 expressly directs the parole authorities to consider such reports in making parole determinations.

The paragraph of the report challenged by the petitioner states:

"Investigative material further indicates that in addition to Far West Federal Savings and Loan losing $16,000, that Commodore Corporation, Nationwide Financial Services, and Wes Campbell suffered losses. Contact with Commodore Corporation reveals their losses to be approximately $80,000; Wes Campbell's attorney states that Campbell has lost over $100,000, with several lawsuits still pending. Campbell has been financially ruined and has suffered a nervous breakdown; Nationwide Financial Services indicate their loss to be approximately $17,400 as of this date, with approximately $750,000 worth of outstanding contracts, upon which there is no way to forecast success or failure."

The petitioner had ample opportunity to voice his objections to the accuracy of the paragraph during the course of two administrative appeals. The record shows that he utilized this opportunity and that the alleged error was squarely raised and dealt with by both the regional and national appeals boards. Both boards chose to rely upon the report.

■ "[I]t is not the function of courts to review the Board's discretion in denying parole or to repass on the credibility of reports received by the Board in making its determination." *Dye v. Parole Comm'n,* 558 F.2d at 1378. The only function which the court can fulfill is to insure that the petitioner was afforded his right to review the report and express his objections to it in a meaningful manner. The petitioner did have such an opportunity and no judicial relief would be appropriate.

■ 3. 18 U.S.C. § 4206(b) provides:

"The Commission shall furnish the eligible prisoner with a written notice of its determination not later than twenty-one days, excluding holidays, after the date of the parole determination proceeding. If parole is denied such notice shall state with particularity the reasons for such denial."

There is no suggestion that the minor delays experienced by the petitioner in any way prejudiced his case. He is, therefore, entitled to no relief on that score. *Cf. United States v. Sielaff,* 563 F.2d 821 (7th Cir. 1977). Accordingly the only issue is whether the reasons for the board's decisions were adequately explained.

The "Notice of Action" sent to the petitioner stated in pertinent part:

"Your offense behavior has been rated as very high severity because of financial losses of all victims amounted to over $100,000. You have a salient factor score of 11. You have been in custody a total of 6 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 26–36 months to be served before release for cases with good institutional program performance and adjustment. After a review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted."

■ The board's notice of its decision stated the primary reason for the denial of parole as being the severity of petitioner's offense. The severity rating, in turn, was stated to have been based on the enormous financial consequences of the crime. During the appeals process the petitioner was able to challenge this finding and introduce any additional factors he felt were relevant to the assessment of the severity of his offense. Under these circumstances the notice was sufficiently specific. *See Fronczak v. Warden,* 553 F.2d 1219 (10th Cir. 1977); *United States v. Wolff,* 525 F.2d 797 (7th Cir. 1975), *cert. denied,* 425 U.S. 914, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976).

4. 18 U.S.C. § 4203(a)(1) empowers the United States Parole Commission to "promulgate rules and regulations establishing guidelines" for the granting or denial of parole. The current guidelines of the commission rely upon two factors: the severity rating of the offense and the "salient factor" score of the prisoner. See 28 C.F.R. § 2.20 (1977). In the present case the offense was rated as "very high severity" because of the monetary losses accompanying the crime. The petitioner's salient factor score (computed by assigning points to such factors as the prisoner's age, previous offenses, employment record, etc.) was 11 ("very good"). The "customary total time to be served before release" indicated in the guidelines for the petitioner is 26–36 months.

The guidelines affect only the prisoner's chances for parole and have no impact upon the length of the two year sentence imposed upon the petitioner by the trial judge. Also, the guidelines are merely advisory: where warranted a decision outside of the guidelines can be rendered. 28 C.F.R. § 2.20(c).

■ Unless the parole commission's actions violate the applicable statutes, result in constitutional infractions, or are patently arbitrary and capricious, the merits of the actions are not reviewable by the courts. *Dye v. Parole Comm'n,* 558 F.2d 1376 (10th Cir. 1977); *Billiteri v. Parole Bd.,* 541 F.2d 938 (2d Cir. 1976). The guidelines described are clearly within the commission's statutory authority. See 18 U.S.C. § 4203(a)(1). The granting or denial of parole are matters for the sound discretion of the commission and the lawful exercise of that discretion does not impinge upon any constitutional right. *Carson v. Dep't of Parole,* 292 F.2d 468 (10th Cir. 1961). Finally, the commission's decision to require the petitioner to serve out a sentence of two years for a "very high severity" offense cannot be termed patently arbitrary or capricious.

■ 5. The petitioner has no constitutional right to appear before voting members of the parole commission. Personal appearance before hearing examiners has been held to be sufficient. *Billiteri v. Parole Bd.,* 541 F.2d at 945; *French v. Ciccone,* 308 F.Supp. 256 (W.D.Mo.1969). The ambiguous statutory provision alluded to by petitioner refers only to the "parole determination proceeding." The personal interview of the petitioner by the parole commission hearing examiners is obviously a part of the total "determination proceeding." The intent of the statute is merely to guarantee a prisoner the chance to be heard prior to the parole commission's decision and the statute does not create a previously unknown right to be present throughout the entire deliberation process of the commission.

## CONCLUSIONS

The petition for a Writ of Mandamus should be denied.

## ORDER

IT IS THEREFORE ORDERED that the petition for Writ of Mandamus is hereby denied and Judgment of Dismissal of the petition therefore is hereby entered.