**Woodrow Willard WALKER,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 79–5280.

United States Court of Appeals,
Sixth Circuit.

Submitted July 8, 1980.

Decided Dec. 12, 1980.

Woodrow Willard Walker, pro se.

John H. Cary, U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for respondent–appellee.

Before EDWARDS, Chief Judge, and MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Woodrow Wilson Walker appeals from the denial of a petition for a writ of habeas corpus. In 1963 he was convicted on separate counts of conspiracy and bank robbery, violations of 18 U.S.C. §§ 371 and 2113(a), respectively. Walker received concurrent sentences of five years for conspiracy and twenty–five years for bank robbery.

In July, 1979, Walker filed a motion to vacate the sentences. He alleged: 1) that inadmissible hearsay testimony by his codefendant was introduced at trial; 2) that he was prejudiced by the absence of his attorney at sentencing; and 3) that the length of his sentence was determined by a prior unconstitutional conviction. For purposes of this appeal, we confine our attention to Walker's last allegation–that the trial judge considered impermissible factors when he imposed sentence. The direct appeal was affirmed in *United States v. Walker*, 390 F.2d 622 (6th Cir. 1968).

At Walker's sentencing, the following colloquy took place:

> The Court: Mr. Walker, do you want to say anything before sentencing is pronounced?
>
> Defendant: No, sir.
>
> The Court: Mr. McGee, his record isn't good. I guess you know about his previous record.
>
> Mr. McGee: Yes, your Honor, I am aware of it.
>
> The Court: And you recognize, do you not, that this is a very serious crime?
>
> Mr. McGee: Yes, sir.

The "record" referred to by the sentencing judge consisted of a single 1943 conviction for armed robbery and aggravated assault. During the 1943 proceedings, however, Walker was apparently denied the assistance of an attorney. In 1963, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, established a state criminal defendant's constitutional right to counsel; on that basis, Walker later obtained an order setting aside the 1943 conviction. He now asks us to vacate the sentence imposed

in 1963, arguing that the sentencing judge's reliance on a prior unconstitutional conviction was a denial of due process. We agree.

The government notes, correctly, that a judge's sentencing decision legitimately comprises many factors. As the Supreme Court observed in *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), Congress has directed that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3577.

This broad principle notwithstanding, "due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude'" have been sustained. *Roberts v. United States, supra* 100 S.Ct. at 1362; *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *see also Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Notably, in *Tucker, supra*, the sentencing judge explicitly considered the defendant's previous convictions before imposing sentence; two of those three convictions subsequently proved unconstitutional. The Supreme Court held that Tucker was entitled to a new sentence, to be determined without reference to the unconstitutional convictions.

The present case is, in several respects, an unusual one. First, the exchange cited earlier leads inescapably to the conclusion that Walker's criminal record, as it appeared in 1963, was a salient factor in the District Judge's sentencing decision. That circumstance alone distinguishes Walker's appeal from *Reynolds v. United States*, 528 F.2d 461 (6th Cir. 1976), and *Short v. United States*, 504 F.2d 63 (6th Cir. 1974). Furthermore, the prior "record" to which the District Judge referred involved a single conviction rather than an extensive history of criminal misconduct. When we remove that unconstitutional conviction from the 1963 sentencing inquiry, nothing remains to support a sentence based explicitly upon the defendant's "prior record." Under these circumstances, we believe that Walker is entitled to relief.

The judgment of the District Court is vacated and the case remanded for resentencing pursuant to the principles expressed in *Tucker, supra*.