UNITED STATES of America, Plaintiff,

v.

Joseph Anthony CESAITIS,
Jr., Defendant.

Crim. No. 80–80337.

United States District Court,
E. D. Michigan, S. D.

Jan. 22, 1981.

John N. Thompson, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Thomas Wilhelm, Federal Defenders Office, Detroit, Mich., for defendant.

## OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO CORRECT PRESENTENCE REPORT

COHN, District Judge.

### I.

Before the Court is a motion by defendant to correct his presentence report on the grounds that inclusion in the report of convictions where defendant was not represented by counsel and of arrests that did not result in prosecution or conviction, violate defendant's right to due process of law.

For the reasons hereafter stated, defendant's motion is denied, but with defendant given leave to submit supplementary material for inclusion in the report.

### II.

#### A.

On June 3, 1980 defendant pleaded guilty to escaping from a halfway house in violation of 18 U.S.C. § 751(a), and on July 22, 1980 was sentenced to two years in the custody of the Attorney General. At the time of sentencing defendant moved to exclude from the Court's consideration prior convictions listed in the presentence report in which he was not represented by counsel.

The Court stated at sentencing that these convictions were not considered in its determination.

Defendant subsequently filed a motion to correct the presentence report claiming that since the report becomes a permanent part of the file which follows him into custody, its contents have an ultimate bearing on both his classification while in custody and his release date by the United States Parole Commission (Commission). Defendant, therefore, claims that any of the prior convictions where he was not represented by counsel and any record of prior arrests without prosecution should be excluded from the presentence report because of their lack of reliability and the possibility for subsequent misuse.

#### B.

The Government responds that since none of the information in the report is incorrect, since the Court did not rely upon the alleged counselless convictions in sentencing, and since 18 U.S.C. § 3577 provides that arrests without convictions are properly included in a presentence report, there is no case or controversy over which the Court has jurisdiction.

### III.

#### A.

Fed.R.Crim.P. 32(c)(1) requires a presentence investigation and report prior to sentencing or probation unless, with permission of the Court, a defendant waives the investigation or the Court finds there is sufficient information in the record upon which to exercise sentencing discretion.

The report itself is a form requiring specific information from an administrative inquiry by a probation officer into a defendant's background. J. Williams, *The Law of Sentencing and Corrections* 12 (1974). Fed. R.Crim.P. 32(c)(2) provides,

"The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his fi-

nancial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court." The report should contain a complete file on a defendant including family history and personal data in the nature of education, employment and social background. National Advisory Commission on Criminal Justice Standards and Goals, *Corrections* § 5.14 (1973); *ABA Criminal Justice Standards Relating to Probation* § 2.3 (1970).

### B.

The primary purpose of the presentence report is to inform the sentencing judge of pertinent facts, not otherwise readily available, concerning a defendant upon which to base a rational sentencing decision. *ABA Standards, supra* at § 2.2. Because of the importance of the report and to effectuate its purpose, few limitations are placed upon the information contained in it.

> "There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged."

*Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969). Congress has also directed in 18 U.S.C. § 3577 that,

> "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The Supreme Court recently reiterated the Congressional view expressed in § 3577 and noted that it comports with the modern conception that "the punishment should fit the offender and not merely the crime." *Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980). In *Roberts* the Supreme Court acknowledged its previous decisions setting forth the " 'fundamental sentencing principle' "

that " 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come,' " *Id.*, quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); however, it also noted that despite such a broad principle, it has sustained " 'due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude.' " *Roberts, supra*, 445 U.S. at 556, 100 S.Ct. at 1362.

### C.

A presentence report is not only considered an integral part of sentencing, but is also considered influential in the treatment a defendant receives within the federal penal system after sentencing. Presentence reports are used to assist the Federal Bureau of Prisons in inmate classification, institutional programs, and release planning. They furnish the Commission with information pertinent to consideration of parole. The probation officer in supervision efforts uses them as an aid during probation and parole. Lastly they act as a source of information for research. Administrative Office of the United States Courts, *The Presentence Investigation Report*, Pub. No.105 at 1 (1978), cited in *United States v. Hogan*, 489 F.Supp. 1035, 1037 n.3 (W.D. Wash.1980).

### D.

Because the report is made available to the correctional institution to which a defendant is confined and is considered a "major factor" influencing the determination of probation and the correctional treatment of defendant, its substance and accuracy is of prime importance. J. Williams, *The Law of Sentencing and Corrections* 14, 17 (1974); Wright & Miller, *Federal Practice & Procedure* § 522 (1969). The Advisory Committee notes on Fed.R.Crim.P. 32 state that the presentence report "is of great value for correctional purposes," and therefore the accuracy of the information in the report "is important not only to the defendant but

also to effective correctional treatment of a convicted offender."

The Parole Commission and Reorganization Act of 1976, 18 U.S.C. § 4201 et seq., acts as the source of the Commission's authority for use of a presentence report in making a determination for release on parole. 18 U.S.C. § 4207. The use and effect of the report in this regard is particularly important since the Commission not only has the power to grant or deny an application or recommendation to parole an eligible person, 18 U.S.C. § 4203(b)(1), but also to impose reasonable conditions in an order granting parole, 18 U.S.C. § 4203(b)(2), and to modify or revoke an order granting parole. 18 U.S.C. § 4203(b)(3).

The actions of the Commission regarding parole, based in part upon information in a presentence report, can have far reaching effects for two reasons. First, parole is a means of reducing chances of sentencing disparity and abuse of discretion by the sentencing judge and so an aura of fairness for both victim and offender obtains. Since parole, by its very nature, is an imprecise process requiring subjective judgments and predictions about human behavior, the instruments used in the parole process should accurately reflect the facts of the situation to effectuate the purposes of parole. Second, while a person in custody does not have a presumptive right to be released on parole, it

> "is perhaps the most important item in the mind of every prisoner because it is the key to the door. It is essential, then, that parole has both the fact and the appearance of fairness to all. Nothing less is necessary for the maintenance of the integrity of our criminal justice institutions."

S.Rep.No. 94–369, 94th Cong., 2d Sess. 18–19 (1976), reprinted in [1976] U.S.Code Cong. & Ad.News, pp. 335, 340–41.

Since most federal prisoners become eligible for parole, the scope of authority placed upon the Commission increases its responsibilities. The factors the Commission weighs in determining parole allows it to determine the probability of whether an offender will refrain from future criminal acts. The use of accurate information will sharpen this process and improve the likelihood of good decisions. H.R.Conf.Rep.No. 94–838, 94th Cong., 2d Sess. 19 (1976), reprinted in [1976] U.S.Code Cong. & Ad. News, pp. 351–52.

### IV.

#### A.

##### 1.

To ensure the accuracy of defendant's presentence report then, his claims must be examined. Defendant first seeks to exclude from the report his prior criminal convictions obtained without counsel on the grounds they are unconstitutional and their use would deny defendant due process of law.

■ The law is clear that criminal convictions obtained without counsel cannot be used in determination of guilt, in determination of a sentence or to enhance punishment because of their unconstitutional nature and lack of reliability.

> "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or to enhance punishment for another offense . . . is to erode the principle of that case."

\*     \*     \*     \*     \*     \*

> "The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial . . . ."

Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967). Accord, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

The Court of Appeals for the Sixth Circuit recently reiterated this view in Walker v. United States, 636 F.2d 1138 (1980), when it held that a trial judge impermissibly considered petitioner's prior unconstitutional conviction without counsel when imposing a sentence for a subsequent offense. The Court noted that while Congress has direct-

ed, through 18 U.S.C. § 3577, that no limitation be placed upon information received by a sentencing court concerning the background of a person convicted of an offense, this broad principle has fallen in the face of " 'due process objections to sentences imposed on the basis of misinformation of constitutional magnitude.' " *Id.* at 1139.

### 2.

A distinction must be made, however, because while the law prohibits the use of counselless convictions in a determination of guilt or sentence or to enhance punishment, it is not altogether clear that the law prohibits the inclusion of such information in a presentence report for consideration by a defendant's correctional institution or the Commission after a determination of guilt and sentence has been imposed by a trial court.

Courts have held that the Commission is entitled to be as fully advised of the contents of a presentence report as is the sentencing judge and that it is entitled to take into account factors which could not, for constitutional reasons, be considered by a court of law. *Dye v. United States Parole Commission*, 558 F.2d 1376 (10th Cir. 1977); *Mack v. McCune*, 551 F.2d 251 (10th Cir. 1977); *Butson v. Chairman, United States Parole Commission*, 457 F.Supp. 841 (D.Colo.1978).

In *United States v. Stevenson*, 573 F.2d 1105 (9th Cir. 1978), defendant objected to unsubstantiated suggestions in the presentence report that he was a professional drug smuggler and leader and financier of a marijuana importation operation, and requested this material be deleted because of its unreliability. The District Court refused to delete the information from the report even though the material was ignored for the purpose of sentencing. The Court of Appeals affirmed on the ground defendant's due process rights in a parole determination were adequately protected by the procedural requirements enumerated by the Supreme Court that must accompany a parole determination, *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), without the excision of the controversial material. In so doing, the Court of Appeals specifically noted that the due process limitations placed on the type of information a sentencing judge may consider do not apply to parole determinations by the Commission. *Id.* 573 F.2d at 1108.

In *Rosati v. Haran*, 459 F.Supp. 1148 (E.D.N.Y.1977), defendant objected to information in his presentence report regarding his participation in certain crimes on the grounds such information was unsubstantiated and inaccurate and had an adverse effect on both his custody status and his prospects for parole. The District Court, after an extensive examination of the use of a presentence report *after sentencing*, concluded,

> "On the facts here presented ... judicial intervention is at best premature. Petitioner in effect seeks to challenge the practical consequences of the procedures observed by the Parole Commission in an action in which the Commission is not a party and before it has had an opportunity to correct whatever inadequacies do in fact exist."

459 F.Supp. at 1159.

The District Court noted further that the Commission's procedures should not be subject to review until "the prescribed administrative remedy has been exhausted" by defendant since it is presumed that an agency " 'will act properly and according to law.' " *Id.* at 1159. *See also* 18 U.S.C. §§ 4206–4208, 4215; 17 C.F.R. § 2.19

The cases suggest that the obligation of the courts is to ensure the defendant is afforded his right to review the report and express objections to it in a meaningful manner so that the report is complete, *Butson v. Chairman, United States Parole Commission*, 457 F.Supp. 841 (D.Colo.1978). Because the Commission is allowed a broader scope of information, *Dye v. United States Parole Commission, supra*, it is not the duty of a sentencing judge to resolve challenges raised by a defendant to information deemed immaterial to sentencing, *Rosati v. Haran*, 459 F.Supp. 1148 (E.D.N.Y.1977).

The cases are clear, however, that once a presentence report is passed on to the Commission, limitations arise as to the information the Commission may actually use in determining parole. *Wixom v. United States,* 585 F.2d 920 (8th Cir. 1978); *Monks v. United States Parole Commission,* 463 F.Supp. 859 (M.D.Pa.1978); *Majchszak v. Ralston,* 454 F.Supp. 1137 (W.D.Wisc.1978); *Wren v. United States Board of Parole,* 389 F.Supp. 938 (N.D.Ga.1975). Any dispute regarding information in a report at this stage or regarding the extent of the Commission's consideration of information in a report in violation of a defendant's constitutional rights, is handled through the administrative processes of the Commission with the Court providing review only if the actions of the Commission are arbitrary and capricious or an abuse of discretion. *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir. 1977).

3.

██ In the instant case, and in view of the foregoing, since the law is clear that a conviction obtained without benefit of counsel, standing by itself, amounts to misinformation, *Walker, supra,* and since such a conviction without more has the potential for improperly influencing defendant's subsequent treatment, it is only fair and just to allow defendant the opportunity to explain the circumstances surrounding such convictions. This enables the correctional institution and the Commission to have in their possession all pertinent information regarding defendant as mandated by case law and in particular, 18 U.S.C. § 3577, while at the same time ensuring that the report reflects a fair and accurate account of defendant's prior criminal record. When convictions are noted in a presentence report as having been obtained without counsel, they must be considered as such and if a conviction in a report does not indicate if a defendant was represented by counsel, then a defendant should have the opportunity to explain if he was not.

This course of action is in keeping with case law and the provisions of the Parole Commission and Reorganization Act of 1976, its supporting regulations and legislative history. The regulations and the Act provide the Commission should take into consideration,

"such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available,"

28 C.F.R. § 2.19(b) and 18 U.S.C. § 4207 and further that,

"If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. However, the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial unless reliable information is presented that was not introduced into evidence at such trial (e. g., a subsequent admission or other clear indication of guilt)."

28 C.F.R. § 2.19(c).

The legislative history of the act also suggests that an offender be given the opportunity to examine the documents which weigh heavily in the parole decision and presumably the opportunity to correct these documents through an internal appeal process whose purpose is to "assure fairness in every decision, and to be sure that both law and guidelines are administered fairly...." S.Rep.No.94–369, 94th Cong., 2d Sess. 15 (1976), *reprinted in* [1976] U.S.Code Cong. & Ad.News 336–37.

Since a prisoner is given this opportunity to submit explanatory material to the Commission for its parole determination, there is no reason to preclude a defendant's submission of explanatory material before the report leaves the sentencing judge's control and good reason to allow him to do so.

B.

██ Defendant also seeks to exclude from his presentence report any record of his prior arrests without prosecution or con-

viction on the ground they violate due process.

While the courts have also been critical of the use of arrests that have not resulted in prosecution or conviction, such information is not considered constitutionally infirm and therefore is acceptable for consideration by a sentencing judge as long as the same explanatory safeguards necessary for counselless convictions are met. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), cited as a principle case on this issue, involved an appeal from a defendant convicted of murder and sentenced to death on the ground the judge accepted and considered information regarding defendant's past criminal record, including several arrests without convictions, without allowing defendant to cross-examine the people who supplied such information. The Supreme Court noted the necessity of allowing a judge to consider as much information as possible regarding a defendant, since to do otherwise would "undermine modern penological procedural policies." 337 U.S. at 250, 69 S.Ct. at 1084

> " 'The knowledge of the life of a man, his background and his family, is the only proper basis for the determination as to his treatment. There is no substitute for information. The sentencing judge in the federal court has the tools with which to acquire that information. Failure to make full use of those tools cannot be justified.' "

337 U.S. at 249–50, note 14, 69 S.Ct. at 1084–85, note 14.

The Supreme Court concluded that due process did not prevent the judge from receiving the additional out-of-court information.

The Court of Appeals for the Tenth Circuit in *Smith v. United States*, 551 F.2d 1193 (1977) agreed with this reasoning and explicitly held that 18 U.S.C. § 3577,

> "was enacted in order to clearly authorize the trial judge to rely upon information of alleged criminal activity for which the defendant had not been prosecuted. . . ."

551 F.2d at 1196.

Other circuits also agree that a presentence report need not confine its contents only to prior convictions, *United States v. Bailey*, 547 F.2d 68 (8th Cir. 1976); *Collins v. Buchkoe*, 493 F.2d 343 (6th Cir. 1974). However, they also warn that a record of arrests without prosecution or conviction must not be equated with evidence of prior wrongdoing by a defendant.

> "The mere fact that a man has been arrested has very little, if any, probative value in showing that he engaged in any misconduct. An arrest shows nothing more than that someone probably suspected the person apprehended of an offense. When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest may have had is normally dissipated."

*Schware v. Board of Bar Examiners*, 353 U.S. 232, 241, 77 S.Ct. 752, 757, 1 L.Ed.2d 796 (1956).

To ensure reliability and truthfulness of such information, therefore, it is important that a defendant have an opportunity to rebutt or explain the circumstances surrounding the arrests.

> "Information obtained from police and other investigative authorities is easily obtained. It is commonly included in the presentence report. In fact, its inclusion is encouraged. However, since this information is usually obtained from prosecutive sources it has an inevitable tendency to prejudice the defendant. For example, it may include notations of arrests with no record of the disposition of the case. Clearly, such information may have a continuous damaging effect upon a convicted person unless he is permitted to explain or expand upon the report."

J. Williams, *The Law of Sentencing and Corrections* 15–16 (1974). *See also Collins v. Buchkoe*, 493 F.2d 343 (6th Cir. 1974).

Information regarding a defendant's prior arrest without conviction then, is helpful in shedding light on defendant's general history, but cannot be considered indicative of any criminal propensities. Allowing de-

fendant the opportunity to explain the circumstances of his arrests helps to safeguard against such undesirable use.

## V.

■ The government claims that despite the assertions in defendant's motion, there is no case or controversy over which the Court has jurisdiction because defendant is essentially trying to litigate actions which the Commission may or may not take in the future, and the Commission is not a party to these proceedings.

The Supreme Court has held the basic inquiry regarding a case and controversy is whether the "'the conflicting contentions of the parties ... present a real, substantial controversy between the parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *Babbitt v. Farm Workers National Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979).

Here the Court finds the test is satisfied and that the Court has the power and authority to consider and decide defendant's motion. The time of sentencing is the logical point at which to consider inconsistencies in or incorrect statements about defendant's prior criminal record.

The Advisory Committee notes on Fed.R. Crim.P. 32(c)(3) provide,

"The best way of insuring accuracy is disclosure with an opportunity for the defendant and counsel to point out to the court information thought by the defense to be inaccurate, incomplete, or otherwise misleading."

The rule, therefore authorizes the Court to correct the presentence report when necessary.[1] In fact, the Court is encouraged to communicate with the Commission and the Bureau of Prisons, 28 C.F.R. § 2.19(d), on an array of matters including situations in which information in the presentence report is either incorrect or of doubtful validity.

"Both the Bureau of Prisons and the Parole Commission rely heavily on information in the presentence report. If the judge has concluded that any of this information is not reliable, it is important that this conclusion be communicated. The fact that the conclusion may be articulated in open court does not, of course, mean that it will be communicated to the Bureau and the Commission; specific action to accomplish this result is necessary."

A. Partridge, *Policies of Parole Commission and the Bureau of Prisons As They Affect the Judge's Sentencing Options*, The Federal Judicial Center pp. 40–41 (October, 1978).

This course of action is particularly prudent considering the importance of the presentence report and the emphasis on its accuracy as described above.[2] The Court finds the most logical and fair point of time to correct the presentence report is before the presentence report leaves control of the Court since the burden on defendant to correct or explain the report while he is in custody is obviously considerably greater than when he is before the Court represented by counsel.

## VI.

Taking defendant's uncontroverted affidavits regarding his prior criminal record as true, and in light of the foregoing discussion, defendant must be given the opportunity to indicate in writing which of the

---

1. In order to ensure that relevant facts are brought to the attention of the sentencing court fully and accurately, and because of the significant possibility of misinformation, a sentencing court may require the Government to verify the information is a presentence report or to substantiate factual allegations disputed by the defense. *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978); United States Dept. of Justice, *Principles of Federal Prosecution*, Part G, Participating in Sentencing, p. 46 (1980).

2. To ensure accuracy and fairness, the United States District Judges for the Eastern District of Michigan have adopted a resolution that the presentence report be furnished to a defense attorney and to the office of the United States Attorney at the same time it is presented to the sentencing judge.

prior criminal convictions were obtained without benefit of counsel, and to expand on or explain the circumstances surrounding these prior convictions and also arrests without prosecution or conviction and that such written explanation be incorporated in and made a permanent part of defendant's presentence report for all purposes.

SO ORDERED.