573 F.2d 1105
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Craig STEVENSON, Defendant-Appellant,
Ronald Richard Stevenson a/k/a Emil Jason Christian, Cherie
Kathryn Soria, Donald Charles Sader, and Rodney
Leroy Stair, Defendants.
 No. 77-1844.
 United States Court of Appeals,
Ninth Circuit.
 April 7, 1978.
 
 Francis J. Diskin, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.
 On Appeal from the United States District Court for the Western District of Washington.
 Before MERRILL, DUNIWAY and CHOY, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Michael Craig Stevenson appeals his conviction for illegally conspiring to import marijuana. He challenges the method and basis for imposition of his sentence. We affirm.
 
 I. FACTS AND PROCEEDINGS BELOW
 
 2
 Stevenson, Donald C. Sader, and three others were charged in a multi-count indictment with various federal narcotics offenses under 21 U.S.C. §§ 812, 952(a)(1), 960(b)(2) & 963. The defendants were accused of planning and executing a scheme to obtain marijuana, in the form of high grade Thai sticks, in Thailand and to smuggle it into the United States for ultimate sale and distribution.
 
 
 3
 Although not originally involved with the conspiracy, Stevenson joined the group when additional financing became necessary. He supplied the money and subsequently made four trips to Thailand during which he acquired the contraband for importation.
 
 
 4
 At the time of the indictment only Stevenson and Sader were available for trial. Approximately two weeks prior to trial, Sader pleaded guilty to a conspiracy count and received a three-year sentence followed by a special parole term of two years. His sentence was reduced to a six-month "split sentence" on work release. After one day of trial in which Sader gave the only substantive testimony, Stevenson changed his plea to guilty of one count of conspiracy.
 
 
 5
 Prior to the sentencing date and after a review of the Probation and Parole Office presentence report, Stevenson filed a motion to strike portions of the presentence report or, in the alternative, to conduct a factual hearing about the report's contents. At the sentencing hearing the court denied the motion and sentenced Stevenson to a term of four years in prison with a special parole term of two years to follow. The maximum sentence for violation of the statute in question was five years and/or a $15,000 fine.
 
 II. ISSUES
 
 6
 Stevenson raises three issues on appeal.
 
 A. Basis for Sentencing
 
 7
 Appellant recognizes the broad discretion granted to the trial judge to sentence within statutorily prescribed limits. See Dorszynski v. United States, 418 U.S. 424, 431, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir. 1977); United States v. Perri, 513 F.2d 572, 575 (9th Cir. 1975). He contends, however, that the process by which the judge arrived at the sentence requires that the sentence be vacated. See United States v. Hartford, 489 F.2d 652, 654 (5th Cir. 1974). We find nothing so defective in the process employed by the trial court to warrant such a result.
 
 
 8
 Before imposing a four-year sentence upon Stevenson, the court recited several reasons for it, all of which involved comparisons of Stevenson with his co-conspirator Sader. Specifically, the trial court noted differences in age, prior convictions, cooperation with law enforcement officials and sophistication.
 
 
 9
 By articulating the basis for Stevenson's sentence, the trial judge followed our ruling in United States v. Capriola, 537 F.2d 319, 321 (9th Cir. 1976), where we recognized that(w)hen there is substantial disparity in sentences imposed upon different individuals for engaging in the same criminal activity, the preservation of the appearance of judicial integrity and impartiality requires that the sentencing judge record an explanation.
 
 
 10
 Stevenson claims that the information upon which the trial judge relied contained certain errors and he seeks reversal on due process grounds. The judge accounted for co-defendant Sader's lesser sentence because Sader was younger, less "sophisticated," and more cooperative with law enforcement officials than Stevenson. Stevenson disputes the propriety of the judge's reliance on these factors for differential sentencing; he points out that the judge incorrectly stated that Sader had no prior record. Even if Stevenson is correct, when balanced against the other factors which we find to be substantially accurate, consideration of this alleged misinformation was not an error of constitutional magnitude. Stevenson had the benefit of representation by able counsel who pointed out the inaccuracy to the court and presented additional information favorable to his client. This situation therefore, is distinguishable from Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), where the Supreme Court reversed a conviction and stated:
 
 
 11
 It is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process.
 
 
 12
 334 U.S. at 741, 68 S.Ct. at 1255. See also United States v. Tucker, 404 U.S. 443, 447-48, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
 
 
 13
 Additionally, there was no indication that the judge materially relied upon speculative and unsupported information in a presentence report to impose a substantially more severe sentence than he would otherwise have done. See United States v. Weston, 448 F.2d 626, 631 (9th Cir. 1971), Cert. denied, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972) (additional fifteen year sentence imposed on the basis of unsworn and otherwise unverified evidence by unidentified informer accusing defendant of other crimes far more serious than the one for which she had been convicted). Accordingly, the sentence stands.
 
 B. Failure to Order New Sentencing Judge
 
 14
 Stevenson next contends that exposure to certain unsupported statements found in the presentence report so prejudiced the sentencing judge that his failure to excuse himself constituted reversible error. We disagree.
 
 
 15
 At the sentencing hearing the judge explicitly stated:
 
 
 16
 I want to make it clear to you, Mr. Stevenson, . . . that I am disregarding and not considering the unsupported, unsworn hearsay material contained in the presentence report.
 
 
 17
 We see no reason to doubt this unequivocal statement. The only authority cited by Stevenson in support of his position is Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Santobello, however, turned on the failure of the prosecutor to honor a plea bargain, which the Court felt merited vacating the sentence. Since Stevenson alleges no prosecutorial misconduct, the reasoning of Santobello does not apply here.
 
 C. Unsupported Presentence Material
 
 18
 Stevenson urges, finally, that the judge should have struck the prejudicial hearsay statements from the presentence report to avoid their consideration by the Parole Commission. Again, we disagree.
 
 
 19
 The judge did not consider those portions of the presentence report which he felt lacked adequate support and he agreed to attach a transcript of the sentencing proceedings to the report in which he stated his objections to such material. He did not strike portions of the report as requested by Stevenson because he felt he lacked such authority.
 
 
 20
 It is an undisputed principle that, in sentencing, a trial judge may consider a wide range of information. United States v. Tucker, 404 U.S. at 446, 92 S.Ct. 589; Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The Second Circuit extended this principle to parole board determinations in Billiteri v. United States Board of Parole, 541 F.2d 938 (2d Cir. 1976). In drawing an analogy between the sentencing judge and the parole board, Billiteri held that
 
 
 21
 the Parole Board, which is concerned with all facets of a prisoner's character, make-up and behavior, is, A fortiori, certainly entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating and for such other purposes that it finds necessary and proper.
 
 
 22
 541 F.2d at 944 (citations omitted).
 
 
 23
 Appellant asserts, however, that meaningful implementation of the language and spirit of this Circuit's United States v. Weston, 448 F.2d 626 (9th Cir. 1971), and the Sixth Circuit's Collins v. Buchkoe, 493 F.2d 343 (6th Cir. 1974), requires the striking of those portions of the presentence report which the sentencing judge disregarded. These cases, and others, have held that the requirements of due process place limitations on the type of information upon which the sentencing judge may rely. See Tucker, 404 U.S. at 449, 92 S.Ct. 589; Townsend v. Burke, 334 U.S. at 741, 68 S.Ct. 1252; Weston, 448 F.2d at 631-34; Collins, 493 F.2d at 345-46. The Supreme Court, however, has held that the full panoply of rights due a defendant in a criminal prosecution does not apply to parole determinations.[1] Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Court recognized the significant interests that both the state and the parolee have in the parole determination and the flexibility that the concept of due process must be given in its application to varied circumstances. 408 U.S. at 481-84, 92 S.Ct. 2593. The Supreme Court outlined the minimum requirements which must accompany a parole determination to include:
 
 
 24
 (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.
 
 
 25
 408 U.S. at 489, 92 S.Ct. at 2604.
 
 
 26
 Because appellant will be fully protected by the procedures outlined by the Supreme Court, we are persuaded that due process does not require that the district court exclude from the presentence report the statements objected to by appellant here.[2]
 
 
 27
 The sentence and the refusal under the circumstances of this case to strike certain information from the presentence report are
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 While Morrissey dealt with parole Revocation, we see no reason why its holding does not extend to the initial parole determination in question here
 
 
 [2]
 Tarlton v. Saxbe, 165 U.S.App.D.C. 293, 300, 507 F.2d 1116, 1123 n. 18 (1974), contains language that would not allow a parole board to rely on improper convictions during its deliberations. A district court's decision to strike such convictions from a presentence report would seem consistent with that reasoning. Because the information challenged by appellant here is hearsay rather than an improper prior conviction, however, Tarlton is distinguishable