**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nelson Raymond FERNANDEZ,**
**Defendant-Appellant.**

No. 77–3992.

United States Court of Appeals,
Ninth Circuit.

Nov. 13, 1978.

Rehearing Denied Feb. 16, 1979.

Shirley H. Frondorf (argued), of Frondorf & Thayer, Phoenix, Ariz., for defendant-appellant.

Joel Sacks, Asst. U. S. Atty. (argued), of Phoenix, Ariz., W. Ronald Jennings, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL and CHOY, Circuit Judges, and TANNER,* District Judge.

CHOY, Circuit Judge:

Fernandez appeals from his resentencing to six months imprisonment for assault by striking, a violation of 18 U.S.C. § 113(d). We affirm.

---

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

## I

As a result of his involvement in a barroom fight on the Colorado Indian Reservation, appellant Fernandez—a tribal police officer—was indicted for assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(f), 1153. Pursuant to a plea bargain, he pleaded guilty to the lesser offense of assault by striking.

Because of perceived inaccuracies in the presentence report, counsel for appellant prepared a memorandum detailing these inaccuracies for the sentencing judge.[1] Later, at the sentencing hearing, counsel reiterated these objections to the presentence report. At the conclusion of the hearing, appellant was sentenced to six months imprisonment.

After filing a timely notice of appeal, Fernandez sought release pending appeal and moved to correct sentence pursuant to Fed.R.Crim.P. 35. In this motion, appellant again argued that the presentence report was inaccurate and asserted for the first time that in his capacity as a tribal police officer he had once issued a speeding ticket to the probation officer who prepared the report. Following the district court's denial of his Rule 35 motion, Fernandez filed an emergency motion with this court for release pending appeal. We granted the motion, stating:

> [T]he cause is hereby remanded to the district court to conduct a hearing on whether the presentence report prejudicially affected the sentencing hearing, appellant having alleged that such report was prepared by a probation officer who previously has been arrested by appellant. Following the hearing, the district court shall forward a copy of the transcript of the hearing and the court's findings to supplement the record herein.

At the remand hearing, the district court granted appellant's request for a new presentence report from a different probation

---

1. Briefly, the cited inaccuracies were: (1) that Fernandez was hostile and uncooperative; (2) that the victim was of small stature, when in fact he was over six feet tall and 200 pounds; and (3) that the victim was seriously injured.

officer. The district judge established that appellant had no objection to the new report and that counsel considered it accurate. The court also considered testimony from both Fernandez and the first probation officer as to the alleged speeding violation, the latter denying that he received a ticket from appellant. When the district judge stated that he would resentence Fernandez on the basis of the new presentence report "to determine whether or not the [original sentence] should stand," appellant requested that resentencing be done by a different judge. This request was denied, and appellant was resentenced to the identical six-month term. Pursuant to the previous order of this court, the transcript and other relevant documents from the remand hearing have been incorporated into the record on this appeal.

## II

Fernandez raises a single objection on this appeal: that the determination of whether allegedly inaccurate information in the presentence report had a prejudicial effect should not have been made by the original sentencing judge.

In *Farrow v. United States*, 580 F.2d 1339, 1347–51 (9th Cir. 1978) (en banc), this Circuit held that the original sentencing judge should ordinarily decide petitions under 28 U.S.C. § 2255 attacking reliance on uncounseled prior convictions. Virtually all of the reasons in support of our *Farrow* decision on this issue in the § 2255 context apply with equal force here. One of these rationales was stated by the district judge in this case at the remand hearing:

> Why should there be a different Judge? I have no feelings one way or another about [appellant]. If you think there is something inaccurate in the [presentence] report—you mean that . . . you file an appeal and get a new Judge that way and the fellow has a new chance at a new sentence? That is not very good.

*Cf. Carvell v. United States*, 173 F.2d 348, 349 (4th Cir. 1949) (purpose of § 2255 "to avoid the unseemly practice of having attacks upon the regularity of trials made before another judge"). Other factors supporting the original sentencing judge's consideration of potential prejudice from inaccurate presentence reports are that judge's familiarity with the facts and circumstances surrounding the original sentencing, his presumed lack of influence by impermissible factors, and a desire to avoid the wasteful delay and duplicated effort inherent in reassignment to a new judge. *Farrow*, 580 F.2d at 1347–51. *See United States v. Stevenson*, 573 F.2d 1105, 1107 (9th Cir. 1978).

Moreover, as noted in *Farrow, id.* at 1351 n. 18, the practice of referring attacks on sentencing to the original sentencing judge has been followed with Rule 35 motions as well as in § 2255 proceedings.

No sufficient charge of bias has been made against the district judge in this case. *See generally United States v. Olander*, 584 F.2d 881, 882 (9th Cir. 1978), slip op. at 2947–48; *United States v. Azhocar*, 581 F.2d 735, 737–40 (9th Cir. 1978). That would constitute the only appropriate circumstance for disqualification of the original sentencing judge in this case. *Cf. Farrow*, 580 F.2d at 1351 (quoting Advisory Committee Note to Rule 4, § 2255, to same effect in that context). Accordingly, we hold that the original sentencing judge in this case properly considered both the Rule 35 motion and this court's mandate on remand. Moreover, since the judge's determination on remand is supported by the record, there is no reason now to have appellant's sentence reconsidered by another judge. *See Farrow*, 580 F.2d at 1348 & n. 8, 1351 n. 20; *Stevenson*, 573 F.2d at 1107; *cf. Leano v. United States*, 494 F.2d 361 (9th Cir. 1974) (reassignment of § 2255 motion to new judge where record contradicted original sentencing judge's disclaimer of reliance on invalid priors).

AFFIRMED.