**UNITED STATES of America, Plaintiff,**

v.

**Eugene HOGAN, Robin Peterson, Lee Peterson, and Sidney Stephanson, Defendants.**

**No. CR79–293S.**

United States District Court,
W. D. Washington.

June 10, 1980.

John C. Merkel, U. S. Atty., Michael P. Ruark, Asst. U. S. Atty., Seattle, Wash., for plaintiff.

Thomas H. S. Brucker, Seattle, Wash., for defendant Eugene Hogan.

Thomas W. Hillier, II, Seattle, Wash., for defendant Lee Peterson.

Phillip H. Ginsberg, Seattle, Wash., for defendant Robin Peterson.

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE GRAND JURY TESTIMONY FROM PRESENTENCE REPORT

MORELL E. SHARP, District Judge.

This cause comes before the Court on defendant Eugene Hogan's Motion to Strike Grand Jury Testimony from Presentence Report. Defendants Lee Peterson and Robin Peterson have joined in said motion. The Court, having reviewed the motion, memoranda and pleadings filed herein, and being fully advised, rules as follows:

On November 16, 1979, Eugene Hogan, Lee Peterson, Robin Peterson and Sidney Stephanson were convicted by a jury of conspiring to import heroin and opium, of knowingly and intentionally importing opium, and of knowingly and intentionally importing heroin. The Court dismissed three other counts of the six-count indictment at the conclusion of the Government's case-in-chief.

Defendants were sentenced on December 14, 1979. Prior to the Court's pronouncement of sentence, the United States Probation and Parole Office for the Western District of Washington prepared presentence investigation reports pursuant to Rule 32(c), Fed.R.Crim.P. In the "Details of the Offense" section of the reports the probation officers in charge of the presentence investigations of Eugene Hogan, Lee Peterson and Robin Peterson made direct reference to the testimony of two grand jury witnesses. During the sentencing hearing defendants objected to the inclusion of references to grand jury testimony in the presentence investigation reports. The Court orally in-

formed the parties that it would not consider the testimony obtained from grand jury witnesses when it sentenced defendants, and invited the parties to file post-trial memoranda on the propriety of the United States Probation and Parole Office's consideration of grand jury testimony in presentence investigation reports.[1]

Defendants' Motion to Strike Grand Jury Testimony comes before the Court at a time when defendants are preparing to serve their sentences. Defendants recognize that their presentence investigation reports will be reviewed by the Bureau of Prisons, the institutions of confinement and the United States Parole Commission, and by this motion defendants seek to preclude these entities from considering the grand jury testimony set out in the presentence investigation reports.

■ As a beginning point, the law is clear that a sentencing judge has wide discretion in determining the appropriate sentence to impose. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). To this end, a judge may conduct a broad inquiry, largely unlimited as to either the kind of information he may consider or its source. *Tucker, supra; Serapo v. United States*, 595 F.2d 3 (9th Cir. 1979). The justification for this policy is the strong public interest in imposing sentences based upon a complete evaluation of each individual offender and designed to aid in his particular rehabilitation. *United States v. Miller*, 588 F.2d 1256 (9th Cir. 1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *Verdugo v. United States*, 402 F.2d 599 (9th Cir. 1968), *cert. denied*, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1969). Congress has responded to the need of the sentencing judge for an open disclosure of facts pertaining to the background, character and conduct of the convicted defendant by enacting legislation[2] that codifies the judge's authority to

---

1. Defendants appealed their convictions, but later moved to dismiss the appeals. The Ninth Circuit Court of Appeals granted defendants' motions to dismiss their appeals voluntarily. Fed.R.App.P. 42(b).

2. 18 U.S.C. § 3577:

No limitation shall be placed on the information concerning the background, charac-

conduct an inquiry broad in scope. *See Smith v. United States*, 551 F.2d 1193 (10th Cir. 1977), *cert. denied*, 434 U.S. 830, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977).

■ In order to supplement the evidence produced during the trial, or the information received during the taking of a plea of guilty or nolo contendere, the United States Probation and Parole Office assists the sentencing judge by preparing a presentence investigation report. It is apparent from the language of Rule 32(c), Fed.R.Crim.P., that the primary function of the probation department in the preparation of a presentence investigation report is to provide the sentencing judge with objective and accurate information relating to the defendant. As stated in the Administrative Office of the United States Courts' guide for probation departments:

> The presentence investigation report is a basic working document in judicial and correctional administration. Its primary purpose is to aid the court in determining the appropriate sentence.

Administrative Office of the United States Courts, *The Presentence Investigation Report*, Pub. No. 105 at 1 (1978). While the presentence investigation report serves four other secondary functions,[3] the Court believes it necessary to observe that none of these functions involves the assistance of the attorney for the Government in his prosecution of the Government's case. The Government attorney is not entitled to see the presentence investigation report until after the jury has returned a conviction or the defendant has entered a plea of guilty or nolo contendere. Rule 32(c)(1) and (c)(3)(C), Fed.R.Crim.P.

Rule 32(c)(2), Fed.R.Crim.P., also provides for the assimilation of such information in

the presentence investigation report as "may be helpful . . . in the correctional treatment of the defendant." Courts have held that the United States Parole Commission, which gathers information and conducts hearings to determine all facets of an inmate's character before rendering parole decisions, is entitled to be as fully advised of the contents of the presentence report as is the sentencing judge. *See United States v. Stevenson*, 573 F.2d 1105 (9th Cir. 1978); *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir. 1976); *Rosati v. Haran*, 459 F.Supp. 1148 (E.D.N.Y. 1977); 28 C.F.R. § 2.19(a)(3).

In *Stevenson, supra*, this Court refused to delete certain unsupported material from the presentence report even though the material was ignored for the purpose of sentencing. The defendant in *Stevenson, supra*, objected to unsubstantiated suggestions in the presentence investigation report that he was a professional drug smuggler, and that he was the leader and financier of a marijuana importation operation. On appeal, the Ninth Circuit affirmed this Court's decision not to strike these assertions from the presentence report, on the basis that defendant's due process rights in a parole determination were adequately protected without the excision of the controversial material. In reaching its conclusion the court of appeals referred to *Billiteri v. United States Board of Parole, supra*, for the proposition that the Parole Commission is to be afforded a full review of the presentence investigation report.

The inclusion of unsupported statements by unidentified federal agents in *Stevenson, supra*, to the effect that the defendant was a professional drug smuggler, is a far cry from the material included in the presen-

ter, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

**3.** (1) To aid the probation officer in supervision efforts during probation and parole; (2) to as-

sist the Federal Bureau of Prisons in classification, institutional programs, and release planning; (3) to furnish the U. S. Parole Commission with information pertinent to consideration of parole; and (4) to serve as a source of information for research. *The Presentence Investigation Report, supra* at 1.

tence investigation report under consideration in the present case. In the case before us, the presentence investigation report includes summaries of the grand jury testimony of two witnesses, one of whom did not testify at trial.

Rule 6(e)(2), Fed.R.Crim.P., is clear in its general mandate of non-disclosure of matters occurring before the grand jury. The Government takes the position that the exception to the general rule contained in Rule 6(e)(3)(A)(ii) permits disclosure of grand jury testimony to the probation office. This subsection of Rule 6 provides for disclosure, otherwise prohibited, to:

> such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

Rule 6(e)(3)(A)(ii), Fed.R.Crim.P.

The legislative history behind this 1977 amendment to Rule 6(e) shows that the purpose of the revision was to facilitate a need on the part of Government attorneys to make use of non-attorney expertise in complex criminal litigation. See S.Rep.No. 95–354, 95th Cong., 1st Sess., U.S.Code Cong.News 1977, p. 527 et seq. It is clear that the "government personnel" addressed in Rule 6(e)(3)(A)(ii) are the Government agents who "gather and present information relating to criminal behavior to prosecutors who analyze and evaluate it and present it to grand juries." U.S.Code Cong. News 1977, supra at 530. Rule 6(e)(3)(A)(ii) permits federal investigative agents from organizations such as the Federal Bureau of Investigation, the Internal Revenue Service, and the Department of Alcohol, Tobacco and Firearms who are assisting a Government attorney in the prosecution of a criminal case, to review grand jury testimony without prior judicial approval. See United States v. Thomas, 593 F.2d 615 (5th Cir. 1979); United States v. Stanford, 589 F.2d 285 (7th Cir. 1978), cert. denied, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244

(1979); In re Grand Jury, 583 F.2d 128 (5th Cir. 1978).

■ The inclusion of Section (B) in Rule 6(e)(3) and the contempt sanction in Rule 6(e)(2) shows that Congress remained concerned about improper disclosure of grand jury material to Government agents. Rule 6(e)(3)(B) states that the material disclosed under subparagraph (A)(ii) may only be used to assist the Government attorney in the enforcement of federal criminal law, and that the attorney for the Government has the responsibility to provide the district court with the names of the Government personnel to whom disclosure of grand jury material is contemplated. The disclosure of the names of the Government personnel to whom grand jury testimony is to be released should ordinarily be made prior to the time of disclosure. See U.S.Code Cong. News 1977, supra at 531. Section (B) of Rule 6(e)(3), therefore, provides explicit safeguards against the wrongful disclosure of grand jury materials to Government employees. See In re Perlin, 589 F.2d 260 (7th Cir. 1978).

As stated above, the employees of the United States Probation and Parole Office who prepare presentence investigation reports are providing a service directed primarily to sentencing judges. A presentence investigation report is not part of the Government's prosecution of a criminal case; the Government's attorney does not gain access to the report until after the defendant has been found guilty or has entered a plea of guilty or nolo contendere. Because the presentence investigation report is not intended to and does not in fact assist the attorney for the Government in his grand jury investigation or the prosecution of the Government's case, the probation officer who prepares the presentence report cannot be considered "government personnel" for the purpose of Rule 6(e)(3)(A)(ii). Disclosure of grand jury testimony to those probation officers investigating and writing presentence investigation reports is not permitted under subpara-

graph (A)(ii). Moreover, there is no evidence in this case that the attorney for the Government provided this Court with the names of the probation officers to whom grand jury disclosure was made.[4]

■ In *United States v. Stevenson, supra,* the presentence investigation report apparently included objectionable material that was based on statements obtained from unidentified Government agents or was formulated by the probation officer himself. There is no question that the probation officer in charge of preparing the presentence report is entitled to interview Government agents and prepare a report that includes the substance of the interviews and the probation officer's personal conclusions. In *Stevenson, supra,* the issue was not whether the material in the report was improperly released or obtained, but whether the material was supported and reliable. This is clearly distinguishable from the situation where the probation officer makes his conclusions and prepares his report on the basis of grand jury information which he is not entitled to see.

■ Probation officers are not "government personnel" within the meaning of Rule 6(e)(3)(A)(ii), Fed.R.Crim.P. They are not entitled to automatic disclosure of grand jury testimony without judicial approval. Because of this conclusion, and the determination at the time of the sentencing of defendants Eugene Hogan, Lee Peterson and Robin Peterson that the Court would not consider the information in the presentence investigation reports relating to grand jury testimony, the Court GRANTS defendants' Motion to Strike Grand Jury Testimony from Presentence Report. The probation office shall prepare new presentence investigation reports of defendants Eugene Hogan, Lee Peterson and Robin Peterson in which all references to the testimony of grand jury witnesses are deleted.

IT IS SO ORDERED.

The Clerk of this Court shall send uncertified copies of this Order to all counsel of record and to the United States Probation and Parole Office, Seattle, Washington.

---

4. The Government argues the applicability of the principles enunciated in *U. S. Industries, Inc. v. United States District Court,* 345 F.2d 18 (9th Cir. 1965), and *Hancock Brothers, Inc. v. Jones,* 293 F.Supp. 1229 (N.D. Ca. 1968). These cases involved nolo contendere pleas made by defendants in criminal antitrust cases. In *U. S. Industries, supra,* the court directed the Government to submit a confidential report to the probation officer to facilitate the officer's role as advisor to the court in the sentencing process. The memorandum from the Government attorney contained grand jury material. In *Hancock, supra,* the presentence report prepared by the probation office contained information obtained before the grand jury. This Court finds these cases to be inapposite, as the courts were primarily concerned with the application of the standard of disclosure to civil litigants who were attempting to obtain the grand jury material for ensuing civil trials. Insofar as these cases involve the propriety of the initial disclosure of grand jury material from the Government attorney to the probation officers, in *U. S. Industries, supra,* the Court ordered the Government attorney to disclose a confidential report, and in *Hancock, supra,* the disclosure was not discussed by the court.