956 F.2d 276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph SWEARINGEN, Defendant-Appellant.
 No. 91-50307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided Feb. 14, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Joseph Swearingen appeals his sentence under pre-Guidelines law, following his plea of guilty to six counts of aiding and abetting in the preparation of tax returns in violation of 26 U.S.C. § 7206(2) (1988). We vacate his sentence and remand to the district court for resentencing.[1]
 
 
 3
 In this pre-Guidelines case, Fed.R.Crim.P. 32(c)(3)(D) requires the sentencing judge to make findings as to all disputed matters in the presentence report, or to state that he will not take the disputed matters into account in sentencing. The government concedes the district judge did not satisfy Rule 32. We vacate Swearingen's sentence and remand for resentencing. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 4
 We reject Swearingen's request that a new probation officer be appointed to write a new presentence report. The bare allegation of bias, based on the fact that the probation officer formerly worked for the Internal Revenue Service, is insufficient. Cf. United States v. Fernandez, 589 F.2d 977, 978-79 (9th Cir.1978), cert. denied, 442 U.S. 911 (1979) (where defendant allegedly had issued a speeding ticket to probation officer, remand for evidentiary hearing was appropriate) (dicta). Our review of the presentence report in this case reveals no evidence of bias.
 
 
 5
 Swearingen also requests we instruct the sentencing judge to broaden the scope of his consideration. We decline to give such an instruction. The district judge in this case is experienced, and is well aware of the need to make an individualized finding in pre-Guidelines cases. See United States v. Lopez-Gonzales, 688 F.2d 1275, 1276-77 (9th Cir.1982).
 
 
 6
 Finally, Swearingen asks that his sentence be pronounced by a new judge because the district judge's perceptions have been "poisoned" by the biased presentence report. We have already upheld the presentence report as nontoxic. We will not grant Swearingen's request.
 
 
 7
 Swearingen's sentence is VACATED, and the case is REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have jurisdiction over this appeal. The government claims Swearingen's notice of appeal was untimely because it was filed more than 10 days after the entry on the district court docket of Swearingen's sentence. See Fed.R.App.P. 4(b). We have reviewed the docket, and while the entry containing the sentence is dated more than 10 days before Swearingen's notice of appeal was filed, the entry itself states it was docketed only two days before the notice of appeal was filed. In view of this uncertainty, we give Swearingen the benefit of the doubt and treat as timely his notice of appeal