*United States v. Avery*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                     *Circuit Judges.*
             MARK A. BARNETT,[1]
                     *Judge.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

     v.                                                                19-1414

DORIAN AVERY,

        *Defendant-Appellant*.

_____

Appearing for Appellant:     Matthew Brissenden, Garden City, N.Y.

Appearing for Appellee:      Edward B. Diskant, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] Judge Mark A. Barnett, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED**.

Appellant Dorian Avery appeals from the May 9, 2019 judgment of conviction in the United States District Court for the Southern District of New York (McMahon, *C.J.*) for violation of his supervised release, for which he was sentenced to 12 months' imprisonment. Avery was sentenced to 108 months' imprisonment for the underlying offense. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Avery raises three procedural challenges to his sentencing. First, he argues that he was denied his right to presentence allocution. Second, he argues that the sentence was impermissibly inflected with, or driven largely by, retributive factors. Finally, he argues pro se that the district court erred in failing to reduce his sentence based on the First Step Act.

We agree with Avery that he was denied his right to presentence allocution. We have previously said that "there is a difference between speaking to a judge when the slate is clean and speaking after sentencing in an effort to have the judge change his mind." *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008).

Here, the district court made multiple statements at the beginning of the hearing indicating that it would sentence Avery to 12 months' imprisonment to reach a total of 120 months' imprisonment for the underlying offense and the violation of supervised release. Indeed, the district court began the hearing by saying, "We will do whatever we have to do so that Mr. Avery ends up with 120 months." App'x at 20. Avery was thus clearly not speaking to a judge with a clean slate, but rather, did so "in an effort to have the judge change [her] mind." *Gonzalez*, 529 F.3d at 98. As a result, although the district court granted Avery the opportunity to speak, it denied Avery his right to a meaningful presentence allocution. *See United States v. Feng Li*, 115 F.3d 125, 133 (2d Cir. 1997) ("[T]he [rule requiring presentence allocution] demands that each defendant be allowed a meaningful right to express relevant mitigating information before an attentive *and receptive* district judge." (emphasis added)). Review of the sentencing transcript in this case makes clear that the district court complied with the rule requiring allocution "merely in form." *Id.*

We accordingly vacate and remand for resentencing. *See Gonzalez*, 529 F.3d at 98. Because we vacate and remand for resentencing, we need not address Avery's separate challenge to the sentence on the ground that retributive factors impermissibly drove the sentence. *See id.*

We take the additional step of reassigning this case on remand. "This Court has considerable discretion in re-assigning a case for re-sentencing." *United States v. Hernandez*, 604 F.3d 48, 55 (2d Cir. 2010). Three considerations are useful in deciding whether to reassign a case on remand: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or

findings determined to be erroneous, . . . (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* at 55-56 (internal quotation marks, brackets, and citation omitted).

These considerations favor reassignment in Avery's case. Given the sentencing judge's repeated and unwavering statements during the hearing that Avery would be sentenced to a total of 120 months' imprisonment, we believe that the judge would "have substantial difficulty" in putting such a view out of her mind. *See id.* For this very reason as well, "an objective observer might . . . question [the judge's] impartiality." *Id.* at 56 (internal quotation marks and citation omitted). Finally, reassignment will not waste resources "because the original sentencing and the appeal from it have already been accomplished," and the remaining work of reweighing the relevant Section 3553 factors will not be a burdensome task. *See id.*

Avery's final argument, which he makes pro se, is that the district court erred in failing to consider whether he is eligible for a reduction of his original sentence under the First Step Act of 2018. In making his argument, Avery relies on *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019).

We agree with the government that any reduction of the original 71-month sentence must be made by the sentencing court that imposed that sentence, namely, the United States District Court for the Eastern District of Virginia. A reduction based on the First Step Act would be made pursuant to 18 U.S.C. § 3582(c)(1)(B), which permits courts to modify sentences if expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. These motions "should be directed to the sentencing judge." *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982); *see also United States v. Fernandez*, 589 F.2d 977, 979 (9th Cir. 1978).

The Fourth Circuit in *Venable* did not address the issue before us. Although the Fourth Circuit addressed "the issue of a district court's *authority* to resentence a defendant serving a term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense,'" 943 F.3d at 194, that case involved a motion made to the same sentencing court that had imposed the original term of imprisonment and supervised release, *id.* at 189-90. Here, however, the sentencing judge did not impose the original sentence upon Avery. As such, any motion to reduce Avery's sentence should be made to the proper sentencing court in the Eastern District of Virginia.

We have considered the remainder of Avery's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is VACATED and REMANDED for resentencing before a different district court judge.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3