PEOPLE v. COLLINS

1. CRIMINAL LAW—SELF-INCRIMINATION—IDENTIFICATION—REMOVAL
   OF DEFENDANT'S TOUPEE.

   The privilege against self-incrimination applies only to evidence
   of a testimonial or communicative nature and is not violated
   by ordering the defendant to remove his toupee at the pre-
   liminary examination; such an action is not testimonial within
   the scope of the privilege.

2. CRIMINAL LAW—RAPE—LIFE SENTENCE—CRUEL AND UNUSUAL
   PUNISHMENT—STATUTE.

   A life sentence for conviction of rape does not necessarily con-
   stitute cruel and unusual punishment when authorized by stat-
   ute (CL 1948, § 750.50, as amended by PA 1952, No 73).

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 March 12, 1969, at Grand
Rapids. (Docket No. 3,880.) Decided March 28,
1969. Rehearing denied May 23, 1969. Leave to
appeal denied April 22, 1970. See 383 Mich 777.

Thomas Collins was convicted of rape. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *Dennis McCune,* Assist-
ant Prosecuting Attorney, for the people.

*Harold M. Ryan,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 368.
   Requiring defendant in criminal case to exhibit self or perform
   physical acts, during trial and in presence of jury. 171 ALR
   1144.
[2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
   21 Am Jur 2d, Criminal Law §§ 576–582.

BEFORE: McGregor, P. J., and R. B. Burns and Danhof, JJ.

Per Curiam. Defendant's non-jury trial on a charge of rape* resulted in a conviction and sentence to life imprisonment. He appeals, raising a number of issues without substance. However, there is a certain novelty to one of the issues which causes this Court to rule specifically on it.

Defendant contends that it was highly prejudicial for the magistrate at the preliminary examination to direct him to remove his toupee.

The United States Supreme Court said in *United States* v. *Wade* (1967), 388 US 218, 221–223 (87 S Ct 1926, 1929, 1930; 18 L Ed 2d 1149, 1154, 1155):

"Neither the lineup itself nor anything shown by this record that Wade was required to do in the lineup violated his privilege against self-incrimination. We have only recently reaffirmed that the privilege 'protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature. * * *' *Schmerber* v. *California*, 384 US 757, 761 (86 S Ct 1826, 16 L Ed 2d 908, 914). We there held that compelling a suspect to submit to a withdrawal of a sample of his blood for analysis for alcohol content and the admission in evidence of the analysis report were not compulsion to those ends. That holding was supported by the opinion in *Holt* v. *United States,* 218 US 245 (31 S Ct 2, 54 L Ed 1021) in which case a question arose as to whether a blouse belonged to the defendant. A witness testified at trial that the defendant put on the blouse and it had fit him. The defendant argued that the admission of the testimony was error because compelling him to put on the blouse was a violation of his privilege. The

---

* MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

Court rejected the claim as 'an extravagant extension of the Fifth Amendment,' Mr. Justice Holmes saying for the Court:

" 'The prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material.' 218 US, at 252, 253 (31 S Ct at 6, 54 L Ed at 1029). * * *

"We have no doubt that compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have. It is no different from compelling Schmerber to provide a blood sample or Holt to wear the blouse, and, as in those instances, is not within the cover of the privilege. Similarly, compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt. We held in *Schmerber, supra,* 384 US at 761 (86 S Ct at 1830, 16 L Ed 2d at 914), that the distinction to be drawn under the Fifth Amendment privilege against self-incrimination is one between an accused's 'communications' in whatever form, vocal or physical, and 'compulsion which makes a suspect or accused the source of "real or physical evidence," ' *Schmerber, supra,* 384 US at 764 (86 S Ct at 1832, 16 L Ed 2d at 916). We recognized that 'both federal and state courts have usually held that * * * [the privilege] offers no protection against compulsion to submit to fingerprinting, photography, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.' *Id.,* at 764 (86 S Ct at 1832, 16 L Ed 2d at 916). None of these

activities becomes testimonial within the scope of the privilege because required of the accused in a pretrial lineup."

Similarly, in the present case, removing a toupee is not testimonial within the scope of the privilege.

Additionally, the defendant argues that a sentence of life imprisonment was a cruel and unusual punishment according to *People* v. *Murray* (1888), 72 Mich 10.

In that case, the statutory punishment was only for a term of years, not for life imprisonment. The Court there stated at page 17:

"Where the punishment for an offense is for a term of years, to be fixed by the judge, it should never be made to extend beyond the average period of persons in prison life, which seldom exceeds 25 years."

In the case of *In re Smith* (1920), 212 Mich 78, which interpreted CL 1915 § 15211, the precursor of the statute under which defendant Collins was convicted, the Court said at page 79:

"Under this section the sentence may, in the discretion of the trial judge, be for life or for any term of years."

In the instant case, the statute under which defendant was convicted specifically allows a life sentence. MCLA § 750.520 (Stat Ann 1954 Rev § 28-.788).

A review of the record discloses no material error and contains ample evidence, primarily from the testimony of the victim, to support the conviction.

Affirmed.