**William J. SLOVAK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 20756.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 1971.

Charles Alexander, Nashville, Tenn. (Court appointed), for petitioner-appellant.

Fred D. Thompson, Asst. U. S. Atty., Nashville, Tenn., for respondent-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before WEICK and BROOKS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

## PER CURIAM.

William J. Slovak appeals from denial of his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The question presented by this appeal is stated in appellant's brief to this Court as follows:

> "Was the presentence report presented to the District Court in this case so misleading, erroneous, prejudicial, or unfair as to warrant the Court to vacate the sentence imposed in this case?"

The challenged sentence—four years imprisonment—had been imposed by the Honorable Frank Gray, Jr., of the United States District Court for the Middle District of Tennessee, Nashville Division. Slovak had pleaded guilty to conspiracy to sell stolen automobiles which had been transported in interstate commerce, in violation of 18 U.S.C. § 371. The sentence was conditioned by the provisions of Title 18 U.S.C. § 4208(a).

We affirm.

Slovak was arrested in New York City, having theretofore, on March 26, 1968, been charged in a six count indictment returned by a grand jury sitting in the Middle District of Tennessee. The count upon which Slovak was sentenced charged that he had conspired,

> "[T]o receive, conceal, store, sell and dispose of motor vehicles moving as and constituting interstate commerce, knowing that said motor vehicles had been stolen, in violation of Title 18, United States Code, Section 2313."

He was taken before the United States District Court for the Southern District of New York, at which time he entered a plea of guilty under Rule 20 of the Federal Rules of Criminal Procedure. After appearing in the New York court several times, and with leave of the U. S. District Judge, he withdrew his guilty plea on May 27, 1969. At a hearing in the Chambers of Judge John F. Dooling, Jr., it was disclosed that Slovak had expected some consideration for help that he had given the FBI. A presentence report prepared by Martin R. Morris, U. S. Probation Officer for the Eastern District of New York, however, was not favorable to him. It concluded with this observation:

> "Defendant emerges as an habitual thief whose latest exploits reflect the know-how, planning and extensiveness of a professional criminal, and his cooperation, after he was caught, is more self-serving than indicative of any basic change in attitude."

Slovak was given an opportunity to read the presentence report, and it was after that that he was allowed to withdraw his plea of guilty. It would appear likely that Slovak then concluded that he might do better by having the proceed-

ings transferred to Tennessee. No charge that the presentence report was inaccurate or unfair was made by Slovak or his attorney after they first received the report and had an opportunity to examine it.

The case was then sent to the United States District Court for the Middle District of Tennessee. Judge William E. Miller, then a District Judge, questioned Slovak about his desire to plead guilty and when advised that Slovak was not then represented by counsel, continued the matter to have counsel appointed for him and directed also that the presentence report be obtained from New York. Upon Slovak's plea of guilty to one count of the indictment, the remaining four counts that applied to Slovak were dismissed upon motion of the United States Attorney. Judge Miller deferred sentence until the presentence report could be obtained, and the matter of imposing sentence was left in the hands of Judge Frank Gray, Jr.

Neither Slovak nor his Tennessee attorney challenged the fairness or the accuracy of the presentence report prior to his plea of guilty in Tennessee and the imposition of sentence.

Upon the filing of Slovak's Section 2255 petition, Judge Gray, who had imposed the involved sentence, held an evidentiary hearing. Slovak, aided by counsel, testified in his own behalf. He claimed that the presentence report, the conclusion of which we set out above, was inaccurate and its conclusions unjustified. The New York probation officer who had prepared the report was present, prepared to testify, but Slovak's counsel asked for a continuance. It was granted upon the agreement of counsel that an affidavit of the New York probation officer could be used at the continued hearing in lieu of his personal attendance. Such an affidavit was filed and was supportive of the contents and conclusion of the presentence report. We

have read the report and the affidavit. We have also read the transcript of Slovak's testimony at the hearing on his Section 2255 motion. The probation report appears to be a comprehensive compilation of Slovak's life history and the conclusions reached by the New York officer are supported by the facts recited in the report and in Slovak's own testimony. We are convinced that Slovak's career justified his characterization as "an habitual thief." In denying the motion, Judge Gray said:

"The contention is made by the movant in this action under 28 U.S.C. Section 2255 that a probation report or presentence report prepared by probation officer of the Eastern District of New York was so false and misleading as to warrant the Court to vacate the sentence that was imposed after a plea of guilty in this Court.

"The Court finds that the contentions of the defendant, of the movant in this regard are without merit.

"It is true that there are some minor errors in the pre-sentence report. Memphis is referred to when it should have been Nashville. I found another one. They referred to the Western District of Tennessee rather than the Middle District of Tennessee at one time but they are matters of no importance whatsoever and certainly the other matters that have been referred to by the movant in his testimony here do not affect the validity of the pre-sentence report as a pre-sentence report.

\*     \*     \*     \*     \*     \*

"There is no merit in this motion to vacate the sentence, no merit in law or in fact and accordingly, it is denied."

From our own examination of the record before us, we are satisfied that Judge Gray's conclusions were correct.

Judgment is affirmed.