Thomas A. COLLINS, Petitioner-Appellant,

v.

Raymond J. BUCHKOE, Warden, Respondent-Appellee.

No. 73–1693.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1973.

Decided March 27, 1974.

William J. Dammarell, Cincinnati, Ohio (Court-appointed), for petitioner-appellant.

Jann C. Ryan, Asst. Atty. Gen., Lansing, Mich., for respondent-appellee; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

Before CELEBREZZE, Circuit Judge, McALLISTER, Senior Circuit Judge, and WILSON, District Judge.*

PER CURIAM.

This is an appeal from the District Court's dismissal of the appellant's petition for a writ of habeas corpus. The appellant was convicted of rape in 1967 in a non-jury trial in the Circuit Court for Kalamazoo County, Michigan, and was sentenced to life imprisonment. His conviction and sentence was affirmed upon appeal. Peoples v. Collins, 16 Mich.App. 667, 168 N.W.2d 624 (1969), leave to appeal to Michigan Supreme Court denied, 383 Mich. 777 (1970).

The appellant's, petition for federal habeas corpus relief sets forth some twelve alleged errors in his criminal trial. After conducting an evidentiary hearing and receiving argument of counsel, the District Court found that no constitutional right of the petitioner had been violated and dismissed the petition.

While the appellant continues to assert upon this appeal all matters complained of in his petition below, it is apparent on the face of the record that only two matters complained of present potential errors of constitutional dimension cognizable in a federal habeas corpus proceeding.

 One such matter is the appellant's contention that in the course of his non-jury trial the state trial judge received and considered a confidential document containing a false accusation of rape by another alleged victim. While this contention is adequate to as-

sert a denial of a constitutional right to confrontation and due process, the District Court found that the contention was without basis in fact. We have examined the record and are in agreement with this finding. The trial transcript reflects that no such occurrence took place in the course of the criminal trial. An occurrence of this nature is reflected in connection with presentence documents submitted to the trial court at the time of sentencing, but these proceedings took place more than a month after the judgment of conviction. The contention is accordingly without merit.

In reference to these same general matters, the appellant further contends that due process was violated in the manner of his sentencing. The life sentence was imposed, so the appellant contends, as a consequence of the trial court having considered, without opportunity of refutation, a false statement regarding another alleged rape having been committed by the appellant.

The record reflects that just prior to sentencing, a chambers conference occurred between the trial judge and counsel. The appellant appears not to have been present at this conference, and no record was made of these proceedings. Sentencing proceedings were then held in open court, at which proceedings the appellant and his counsel were both present. A record of these proceedings was made, and it reflects that after extending an opportunity to the appellant and his counsel to make a statement, an opportunity which they declined, the Court then proceeded to pronounce sentence. In pronouncing sentence the Court, among other matters, stated:

"The presentence report is full and complete. In addition to the presentence report this Court has read a statement given by another alleged victim of this defendant, a student at the same educational institution as was the victim in this case. This Court is entirely satisfied that this

---

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

defendant is possessed of an abnormal sex urge. This was evidenced by his own description, from the witness stand, of his acts, on the occasion of this offense, even though his description of those acts was greatly colored in his favor. This urge may be uncontrollable on his part, and it would seem that one would almost have to conclude that it was uncontrollable or he never would have done the things that he did do to satisfy his urge, even by his own statement from the witness stand, and we know that he did far more than that, not only with the girl who is the complainant in this case, but I am satisfied with other girls."

On the basis of the above state of the record, the District Court, relying upon Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), concluded that the matters reflected as having been considered by the trial judge at the time of sentencing were not inappropriate to the imposition of sentence, that neither the right of confrontation nor the usual rules of evidence apply at the stage of the proceedings, and that no denial of due process was reflected in the record.

■ It is of course true, as noted by the District Court, that Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L. Ed. 1337 (1949) laid down the principle that "the due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure trial," and held that due process does not mandate either the right of confrontation or the usual rules of evidence at the sentencing stage. As recognized in *Williams*, it is desirable that the judge in passing sentence be provided with as much and as accurate information on the person to be sentenced as may be reasonably possible under the circumstances of the case. Accordingly, it is settled law that a trial judge in performing his sentencing function may appropriately consider any responsible information of a relevant nature, even though unsworn or derived from an out-of-court source, Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959), including evidence of criminal charges for which the defendant may never have been tried. *See* United States v. Metz, 470 F.2d 1140 (3rd Cir. 1972), cert. denied Davenport v. United States, 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973). *See also* United States v. Weston, 448 F.2d 626 (9th Cir. 1971).

■ However, the reliability and truthfulness of the information considered in sentencing remains a matter of fundamental concern. While the discretion of the sentencing judge is broad with respect to the nature and source of information utilized by him in sentencing, there are nevertheless limitations imposed by the requirements of due process. These limitations include the requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.

This limitation was first enunciated by the United States Supreme Court in the case of Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), wherein the Court stated:

"[T]his prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result whether caused by carelessness or design is inconsistent with due process of law and such conviction cannot stand."

The rule in the *Townsend* case was reaffirmed by the Supreme Court as recently as 1971 in the case of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592. The Court there restated with approval the rule in the *Townsend* case and in remanding the defendant for resentencing said:

"The record in the present case makes evident that the sentencing judge gave specific consideration to the respondent's previous convictions before imposing sentence upon him. Yet it is

now clear that two of these convictions were wholly unconstitutional . . . ."

The due process limitation on sentencing information hereinabove referred to has been applied in a number of the other Circuits. *See* United States v. Myers, 374 F.2d 707 (3rd Cir. 1967); Baker v. United States, 388 F.2d 931 (4th Cir. 1968); United States v. Weston, 448 F. 2d 626 (9th Cir. 1971); United States v. Picard, 464 F.2d 215 (1st Cir. 1972); and United States v. Espinoza, 481 F.2d 553 (5th Cir. 1973). The Court in the *Weston* case just cited in interpreting *Townsend,* had this to say:

"Where a trial judge, in exercising his sentencing discretion, relies on evidence of prior convictions that is false, or mistakenly believes that the presentence report shows prior convictions when it does not, the defendant has been deprived of due process and the sentence must be vacated."

In interpreting the more recent Supreme Court decision in the *Tucker* case, the Court in United States v. Espinoza, *supra,* had this to say:

"Implicit in the Court's holding in *Tucker* is the principle that despite the broad discretion left in the trial judge in assessing background information for sentencing purposes . . . a defendant retains the right not to be sentenced on the basis of invalid premises." (Citations omitted)

■ It is of course a prerequisite to the granting of post-conviction relief under the circumstances here presented that the information demonstrably relied upon in sentencing be "materially false". *See* Slovak v. United States, 447 F.2d 1358 (6th Cir. 1971).

■■ The record in this case demonstrably reflects that in passing sentence the trial judge relied upon information that the appellant (defendant) had raped another victim. The record likewise reflects that the appellant was never accorded an opportunity to rebut this information. However, the record fails

to reflect any finding with respect to the truth or falsity of this accusation. The appellant contends that it was false and so testified at the evidentiary hearing held before the District Court. No finding regarding this essential matter was ever made by the District Court. While it is clear that the appellant is not entitled to a new trial, this Court is unable to say whether the appellant is entitled to be resentenced in the absence of a finding of fact regarding the truth or falsity of the derogatory matter relied upon. The case will accordingly be remanded to the District Court for a resolution of this issue of fact. Should the District Court find that the information recited by the state trial judge in regard to a further rape having been committed by the appellant was false, habeas corpus relief will be granted by setting aside the appellant's sentence and ordering his resentencing in the state court within a stated time or otherwise directing his release from custody.

This case will be reversed and remanded for further proceedings consistent with this decision.