Shane PHILLIPS, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2008–CA–001817–MR.

Court of Appeals of Kentucky.

Sept. 25, 2009.

Michael J. Curtis, Ashland, KY, for appellant.

Jack Conway, Attorney General of Kentucky, M. Brandon Roberts, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; VANMETER, Judge; LAMBERT,[1] Senior Judge.

## OPINION

VANMETER, Judge.

Shane Phillips (Phillips) appeals from the Carter Circuit Court's denial of his motion for an evidentiary hearing regarding the accuracy of statements contained in the victim impact statement considered by the court during Phillips' sentencing phase. For the following reasons, we affirm.

Phillips entered a plea of guilty to the amended charge of criminal facilitation to commit robbery in the first degree. During sentencing, Phillips objected to portions of the victim impact statement that he claimed were inaccurate, particularly the statement identifying Phillips as the "architect" of the crime. Phillips sought an evidentiary hearing to assess the accuracy of the statements contained within the victim impact statement. The Commonwealth responded that a victim impact statement is not a sworn statement and has no evidentiary merit; rather, it reflects the feelings of the victim(s) and/or their family member(s) and is not required to be factually accurate.

The court denied Phillips' motion for a hearing, stating on the record that it was not particularly concerned with the description of Phillips as the "architect" of the crime; rather, the statements within the victim impact statement would be considered only as a showing of the impact of the crime on the victim. Phillips claimed that this ruling violated his due process rights and that he wished to preserve the issue on the record for appeal purposes.

Thereafter, the court sentenced Phillips to two years' imprisonment and levied a fine in accordance with the Commonwealth's recommendation.

On appeal, Phillips argues that the trial court erred by denying his motion for an evidentiary hearing. In particular, he claims that a defendant's opportunity to controvert the contents of a presentence investigation (PSI) report pursuant to KRS 532.050 applies to a victim impact statement submitted pursuant to KRS 421.520, so as to afford a defendant the opportunity to also controvert the contents of a victim impact statement. We disagree.

KRS 532.050 addresses PSI reports or other presentence procedures relating to felony convictions, including a defendant's opportunity to controvert the contents of a PSI report. As stated in KRS 532.050(6),

Before imposing sentence, the court shall advise the defendant or his or her counsel of the factual contents and conclusions of any presentence investigation or psychiatric examinations and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them.

Although KRS 532.050 does not address victim impact statements, Phillips urges us to apply to victim impact statements the same protections afforded to defendants in regard to PSI reports.

KRS 421.520 addresses victim impact statements, providing as follows:

(1) The attorney for the Commonwealth shall notify the victim that, upon conviction of the defendant, the victim has the right to submit a written victim impact statement to the probation officer responsible for preparing the presentence

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

investigation report for inclusion in the report or to the court should such a report be waived by the defendant.

(2) The impact statement may contain, but need not be limited to, a description of the nature and extent of any physical, psychological or financial harm suffered by the victim, the victim's need for restitution and whether the victim has applied for or received compensation for financial loss, and the victim's recommendation for an appropriate sentence.

(3) The victim impact statement shall be considered by the court prior to any decision on the sentencing or release, including shock probation, of the defendant.

Unlike KRS 532.050, KRS 421.520 does not specifically afford a defendant an opportunity to controvert the contents of a victim impact statement. Although subsection (1) permits a victim impact statement to be included in a PSI report or submitted by itself, if a defendant waives the PSI report, nothing in either statute suggests that the rules governing challenges to PSI reports also apply to victim impact statements. Absent such a provision or case law supporting such an application, we find that the trial court did not err by declining to afford Phillips such an opportunity.

In any event, a demonstration that the use of misinformation during the sentencing phase violated due process would require a defendant to show "that the evidence was materially false and that the trial judge relied upon it." *U.S. v. Polselli,* 747 F.2d 356, 358 (6th Cir.1984) (citing *Collins v. Buchkoe,* 493 F.2d 343 (6th Cir. 1974)). Here, even if the court did err by denying Phillips' motion for a hearing, any error that might have occurred was harmless.[2] Indeed, the court specifically indicated it did not rely on the questioned statement when pronouncing its sentence. Rather, the court generally considered the victim impact statement in conjunction with the PSI report and sentenced Phillips to the agreed-upon punishment of two years' imprisonment, which fell within the range provided by law.

The order of the Carter Circuit Court is affirmed.

ALL CONCUR.

**2.** Kentucky Rules of Criminal Procedure 9.24, which addresses harmless error, provides, in part: "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties." Here, the court's consideration of the victim impact statement solely as evidence of the impact of the crime on the victim's family did not affect the substantial rights of either party.